FILED
2026 Oct-16 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Case No: 2:25-cr-580-AMM-SGC** |
| | ) | |
| **LILLIAN JAYNE COLBURN,** | ) | |

**UNOPPOSED FOURTH MOTION TO CONTINUE**

Pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(vi), Lillian Jayne Colburn, by and through her attorneys, moves this Honorable Court to continue the trial of this matter for 90 days and extend the associated pretrial deadlines for no fewer than 90 days. In support, Ms. Colburn states as follows:

1. On October 22, 2025, Ms. Colburn was arraigned on an indictment charging her with one count of arson, in violation of 18 U.S.C. §§ 841(i) and (2). (Doc. 1.)
2. The Scheduling Order (Doc. 16) placed this case on the December 29, 2025, trial docket. The order also established the Rule 17.1 plea notification and Rule 12 pre-trial motions deadlines for Monday, December 8, 2025.
3. The Government filed a superseding indictment on November 19, 2025, adding a count of providing material support to terrorists, in violation of 18 U.S.C. § 2339A. (Doc. 17.) Ms. Colburn was arraigned on the superseding indictment on December 4, 2025, pursuant to a filed waiver of personal appearance at arraignment. (Doc. 20.)
4. On December 8, 2025, Ms. Colburn's counsel filed an Unopposed Motion to Continue and Waiver of Speedy Trial, and this Court granted the same on December 29, 2025, scheduling a deadline of March 13, 2026, for pretrial motions and notification as to whether this case will be resolved by plea or trial. (Docs. 21, 23.)

5. On March 13, 2026, Ms. Colburn's counsel filed a Second Unopposed Motion to Continue, and this Court granted the same on March 24, 2026, scheduling a deadline of May 15, 2026, for pretrial motions, and July 24, 2026, for notification as to whether this case will be resolved by plea or trial. (Docs. 33, 35.)
6. On July 27, 2026, Ms. Colburn's counsel filed a Third Unopposed Motion to Continue, and this Court granted the same on that date, scheduling a deadline of October 16, 2026, for pretrial motions and notification as to whether this case will be resolved by plea or trial. (Docs. 37, 38.)
7. Despite the exercise of due diligence, the Federal Public Defender's Office requires additional time to complete its investigation, confer with Ms. Colburn, and prepare the constitutionally required defense. The parties are in plea negotiations to determine whether the case can be resolved without a trial.
8. The retained counsel of Ms. Colburn's co-defendant, Mercutio Southall, recently withdrew after representing Mr. Southall for eight months. (Doc. 24, 46.) Mr. Southall's original appointed counsel, Derek Drennan, was re-appointed. Mr. Drennan has filed a Motion to Continue and Relieve the Parties of the Deadlines in the Current Scheduling Order, requesting a 90-day continuance and extension of the pretrial motions and plea/trial notification deadlines. (Doc. 47.)
9. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the 70-day speedy-trial deadline excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of

the public and the defendant in a speedy trial." In granting such a continuance, the Court shall consider "[w]hether the failure to grant such a continuance in a case…would deny the defendant a reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at (h)(7)(B)(iv). In this case, the ends of justice served by a continuance outweigh the best interest of the public and Ms. Colburn in a speedy trial.

10. Ms. Colburn, having been advised of her rights to a speedy trial, personally joins in this requested continuance. She has already executed a Notice of Speedy Trial Waiver. (Doc. 21-1.)

11. The undersigned has conferred with Assistant U.S. Attorney Lee Gilmer, and the government has no objection to the continuance.

12. Requests for a continuance are addressed at the sound discretion of the trial court. *United States v. Darby*, 744 F.2d 1508, 1521 (11th Cir. 1984). A continuance to allow the defendant "the reasonable time necessary for effective preparation" for trial is a sound justification for excluding time under the Speedy Trial Act. *United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991); 18 U.S.C. § 3161(h)(8)(B)(iv). The Eleventh Circuit has repeatedly recognized that a continuance to provide adequate preparation by counsel serves the ends of justice. *United States v. Goetz*, 826 F.2d 1025, 1028 (11th Cir. 1987) (upholding, against speedy trial claim, continuance of eighty days to allow new counsel to prepare for trial); *United States v. Elkins*, 795 F.2d 919, 924 (11th Cir. 1986) (same); *United States v. Sarro*, 742 F.2d 1286, 1300 (11th Cir. 1984).

Accordingly, Ms. Colburn requests that this Honorable Court grant the requested relief and continue the trial of this matter, as well as all related settings and deadlines, by no fewer than 90 days.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender

**/s/Katherine P. Bounds**
Katherine P. Bounds
Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Alabama
505 20th Street, North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170
Kate_Bounds@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Respectfully submitted,

**/s/Katherine P. Bounds**
Assistant Federal Public Defender